# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHNNYLEE PRESTON BURK,<br><br>    Plaintiff,<br><br>  v.<br><br>JUSTIN BLAKE, *et al.*,<br><br>    Defendants. | Case No. 3:21-cv-000043-TMB |

## ORDER ADDRESSING MOTIONS AND NOTICE

Johnnylee Preston Burk, representing himself from Anchorage Correctional Complex, has filed a First Amended Complaint asserting that United States Marshal Justin Blake and other U.S. Marshals have violated his constitutional right to due process.[1] Mr. Burk has also filed a Motion to Withdraw a letter he wrote to the Clerk of Court, a Motion requesting that his claims be litigated under 42 U.S.C. § 1985(3) instead of under *Bivens*,[2] a "Notice of Required Recusal," stating his position that the judge assigned to this case should recuse himself, and informing the Court that he intends to add more defendants in this case, and a Request for Issued Subpoenas.[3]

---

[1] Docket 13.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (permitting claims against federal agents based on the Constitution itself).

[3] Dockets 12, 14, 15, 16.

I.   Motion to Withdraw Letter

In his Motion to Withdraw the letter to the Clerk of Court received on February 17, 2021, Mr. Burk explains that the letter was not intended to be a motion, and was not docketed as such.[4] Because the letter has no relevance to the issues in Mr. Burk's case, his motion will be granted.

II.  Motion regarding cause of action, Notice regarding recusal and intent to add defendants, and Request for Issued Subpoenas

After the Court granted Mr. Burk's Motion for Reconsideration and he filed his First Amended Complaint,[5] Mr. Burk filed a Motion requesting that the Court "allow his claim to be litigated under 42 U.S.C. § 1985(3) instead of Bivens."[6] He also filed a Notice stating that Judge Burgess should recuse himself from this case because he "was a party to a portion of the subject matter involved in this claim ... [in which] Burk will be asserting that the events in the Karjala matter (also U.S. v. Miller, 3:17-cr-00063-TMB) were the underlying issue that created bias against him, along with his successful litigation in 3:15-cr-00022-RRB-DMS."[7] Mr. Burk states that "the actual reach of the conspiracy here exceeds what he has alleged

---

[4] Dockets 5, 12.

[5] Dockets 10, 13.

[6] Docket 14 at 2.

[7] Docket 15 at 1. "

so far and actually involves a multitude of persons, many of which are members of this court."[8] He further states as follows:

> Burk is currently preparing to add defendants as he is researching the relevant laws, including immunity and other factors, but he still wishes to inform this court that he will be alleging that the following parties are involved in the conspiracy one way or another, either as persons he will name as defendants or not, he isn't sure yet: 1) Judge Sharon Gleason, 2) Judge Ralph Beistline, 3) Magistrate Judge Matthew Scoble. Even if Burk does not add them as actual defendants, Burk will be alleging that they had played a role in the conspiracy against him, all taking steps to prevent Burk from being able to be successful in defending himself, abusing the power of the court and acting from personal bias against him.[9]

Given Mr. Burk's motion stating that he wishes to bring his claims under 42 U.S.C. § 1985(3) instead of *Bivens*, and his notice that he intends to add defendants, the Court will permit him an additional 30 days in which to file a Second Amended Complaint under § 1985(3), as is his stated intention, against whichever defendants he decides to name.[10] Thus, his motion will be denied without prejudice. After filing his Second Amended Complaint, he may file appropriate motions. If Mr. Burk wants the Court to take a specific action, he must file his request in the form of a motion.

---

[8] *Id*. at 2.

[9] *Id*. at 2-3.

[10] *See* 28 U.S.C. § 1915(e)(2)(B), requiring the Court to screen that complaint, which is done under the liberal construction used when the plaintiff is self-represented. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). Because Mr. Burk has informed the Court of his intent to change his legal theory and add defendants, the Court will not screen the First Amended Complaint, as that would not be an efficient use of judicial resources.

Case No. 3:21-cv-00043-TMB, *Burk v. Blake*
Order Addressing Motions
Page 3 of 7
Case 3:21-cv-00043-TMB   Document 19   Filed 07/26/21   Page 3 of 7

Likewise, Mr. Burk's Request for Issued Subpoenas is premature, but the Court may issue an order that sets forth a timeline for discovery after a cognizable complaint has been filed and Defendants have answered.

### III. Filing a Second Amended Complaint

42 U.S.C. § 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." To recover under § 1985(3), a plaintiff must demonstrate "(1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States."[11]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify: (1) the specific harm that Mr. Burk alleges he has suffered; (2) when that harm occurred; (3) where that harm was caused;

---

[11] *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).

Case No. 3:21-cv-00043-TMB, *Burk v. Blake*
Order Addressing Motions
Page 4 of 7
Case 3:21-cv-00043-TMB   Document 19   Filed 07/26/21   Page 4 of 7

(4) who caused that specific harm to him; and (5) what specific statute or constitutional provision was violated as to that specific claim.

To properly state a claim, Mr. Burk needs to explain what happened regarding each legal claim he makes. He does not need to make legal arguments. Mr. Burk must present facts, again without the seventeen pages of background contained in his initial pleading,[12] stating who and what he believes harmed him. The claims in a complaint should have some relationship to each other.[13]

Accordingly, **IT IS HEREBY ORDERED:**

1. The Motion to Withdraw the Letter (Docket 5), at Docket 12, is **GRANTED**.
2. The Motion Requesting Change to Statute, at Docket 14, is **DENIED** without prejudice.
3. The Request for Issued Subpoenas, at Docket 16, is **DENIED** as premature.
4. On or before **August 27, 2021**, Mr. Burk must file *one* of the following:

---

[12] *See In re New Century*, 588 F. Supp. 2d 1206, 1218-19 (C.D. Cal. 2008) (The Court states that it "will not hesitate to dismiss long, unwieldy pleadings…. Neither courts nor defendants should have to wade through the morass of 'puzzle pleadings' as this wastes judicial resources and undermines the requisite notice for a defendant to respond.") (citation omitted).

[13] *See Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (A pleading is often characterized as a "shotgun" or "kitchen-sink" complaint when "a plaintiff brings every conceivable claim against every conceivable defendant.") (footnote omitted).

      a. <u>Second Amended Complaint</u>, in which Mr. Burk states cognizable claims to the Court, under an appropriate legal theory, against appropriate individuals; *AND*

      b. Prisoner's Application to Waive Prepayment of the Filing Fee, with certified 6-month prison trust account statement;[14] *OR*

      c. <u>Notice of Voluntary Dismissal</u>, which informs the Court that Mr. Burk no longer wishes to pursue his lawsuit and voluntarily dismisses the entire action without prejudice.

5. If Mr. Burk does not file either a Second Amended Complaint, or a Notice of Voluntary Dismissal, on one of the Court's forms, by **August 27, 2021,** this case will be DISMISSED.[15]

6. A Second Amended Complaint *must be on this Court's form* which is being provided to Mr. Burk with this Order. Any amended complaint will entirely replace the previous complaints.[16] Mr. Burk must include all related claims he seeks to bring, and may not make reference to or incorporate his earlier complaint. Any claims not included in an amended complaint are waived.

---

[14] Mr. Burk's initial Application to Waive Prepayment of the Filing Fee, at Docket 4, was denied when his case was initially dismissed. Docket 7.

[15] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[16] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

Case No. 3:21-cv-00043-TMB, *Burk v. Blake*
Order Addressing Motions
Page 6 of 7
Case 3:21-cv-00043-TMB   Document 19   Filed 07/26/21   Page 6 of 7

7. At all times, Mr. Burk must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

8. The Clerk of Court is directed to send Mr. Burk the following forms with this Order: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act";[17] (2) form PS 10, Prisoner's Application to Waive Prepayment of the Filing Fee, with instructions; (3) form PS09, Notice of Voluntary Dismissal; and (4) form PS12, Motion.

DATED this 26th day of July, 2021 at Anchorage, Alaska.

*/s/ Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[17] In any amended complaint, Mr. Burk must write the names of every defendant in the caption, on page 1 of the complaint form, and he must complete page 2, listing every defendant and providing all the requested information for each defendant.

Case No. 3:21-cv-00043-TMB, *Burk v. Blake*
Order Addressing Motions
Page 7 of 7
Case 3:21-cv-00043-TMB   Document 19   Filed 07/26/21   Page 7 of 7